UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fred Freeman, # 235180, | ) C/A No.  9:13-170-DCN-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| John R. Pate, Warden; | ) |
| Ms. Hudson, Case Worker, Manager; | ) |
| SCDC, South Carolina Department of Corrections, | ) |
| | ) |
| Defendants. | ) |

_____

This is a civil action filed *pro se* by a state prison inmate.  Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003).  However, even when considered under this less stringent standard, the



undersigned finds and concludes for the reasons set forth hereinbelow that the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff raises due process and equal protection challenges to the calculation of his current sentence and seeks damages for allegedly being held beyond the proper expiration date. (ECF No. 1). Plaintiff contends that when he was admitted to the custody of the South Carolina Department of Corrections (SCDC), he was told that his max-out date (assuming all good time credits applied) was February 28, 2008, based on a conviction that required service of only 65% of the time. *Id*. at 3. However, according to Plaintiff's allegations, he has now been given a max-out date of February 7, 2013, and is therefore wrongly being forced to serve 85% of his sentence. Plaintiff asserts that his due process and equal protection rights have been violated because SCDC has not awarded him the full amount of good-time credits to which he is entitled, and he asks this court to award him damages and declaratory relief for the alleged due process/equal protection violations. *Id*. at 5.

## DISCUSSION

Plaintiff's claim for damages and declaratory relief based on his allegations of illegal, excessive confinement is not cognizable in this court at this time because there is no indication in the Complaint that Plaintiff has had his sentence as calculated overturned through a direct appeal, state post-conviction relief application, habeas corpus proceeding, or otherwise. *See Heck v. Humphrey*, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present

2



one alleging constitutional violations and/or other improprieties and seeking damages in connection with the execution of a sentence based on a state criminal conviction, the Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. Hence, until a criminal sentence is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action seeking damages based on the sentence calculation and related matters will be barred.

Here, Plaintiff acknowledges that he has an appeal seeking a reduction of his sentence currently pending before the South Carolina Administrative Law Court (ALC). (ECF No. 1, at 5). However, because Plaintiff has not been successful in that ALC case to date, and has not otherwise had the sentence, as calculated by SCDC, set aside before he filed this case, and because Plaintiff's allegations of excessive sentence calculation, if true, would necessarily invalidate his present sentence, he cannot sue any of the Defendants for damages under § 1983 because of their involvement in the calculation and/or continued execution of his sentence and his continued imprisonment. *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of



relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

Moreover, to the extent that the Complaint may be construed as asking this Court to direct that he be released from prison earlier than the SCDC will currently allow, this case is also subject to summary dismissal. Plaintiff's request for a shorter prison term cannot be granted by this court in a civil case filed under § 1983. Instead, Plaintiff should have filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 or 28 U.S.C. § 2241 after exhausting all of his state court remedies in order to request release. Although § 1983 does provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, the United States Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. at 481 ("[r]elease from prison is not a remedy available under 42 U.S.C. § 1983.") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Although Plaintiff does not explicitly request earlier release from prison in so many words, that result would necessarily be required were this court to award him the declaratory judgment and damages that he explicitly requests. (ECF No. 1, at 3).

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary

4



dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 7, 2013
Charleston, South Carolina



5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

